IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN L. ZIMMERS, *et al.*, : | |
| : | Case No. 15-CV-2398 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| EATON CORPORATION, *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Stay This Case Pending Resolution of Their Motion for Judgment on the Pleadings (ECF No. 16), Plaintiffs' Memorandum in Opposition (ECF No. 28), and Defendants' Reply (ECF No. 33). For the reasons below, Defendants' Motion is **GRANTED**.

**I.**

Plaintiffs, Steven L. Zimmers and Daniel W. Davis, filed their Complaint against Defendants, Eaton Corporation and Cooper Notification, Inc. on June 11, 2015, alleging patent infringement of two patents covering computer-implemented inventions for providing alert notifications to multiple persons. (ECF No. 1.) On September 24, 2015, the Court entered a Scheduling Order setting forth case deadlines. (ECF No. 12.) Defendants filed a Motion for Judgment on the Pleadings on December 24, 2015, asserting that dismissal is warranted because the patents at issue are invalid as patent-ineligible under 35 U.S.C. § 101.

Defendants subsequently filed the subject Motion to Stay, seeking a stay of the case schedule pending resolution of their Motion for Judgment on the Pleadings. In support of their Motion to Stay, Defendants assert that their Motion for Judgment on the Pleadings addresses a

threshold legal issue that is dispositive of the entire case.  Defendants further posit that staying this action pending resolution of their dispositive motion will conserve judicial and party resources.  Defendants cite the expense and costs associated with discovery and preparation for the claims construction hearing.  Defendants also assert that Plaintiffs would not be unduly prejudiced or tactically disadvantaged by the requested stay.

Plaintiffs oppose Defendants' Motion to Stay.  Plaintiffs counter that "[c]ourts in this judicial district routinely deny motions to stay where the sole basis of the motion is that the proponent of the stay has filed a motion for judgment on the pleadings."  (Pls.' Mem. in Opp. 1, ECF No. 28.)  In addition, Plaintiffs challenge the merits of Defendants' Motion for Judgment on the Pleadings.  Plaintiffs also challenge Defendants' assertion that a stay will conserve resources, asserting that the discovery to be conducted is not unduly burdensome and noting that the next scheduled judicial event is the claim construction hearing in September 2016.  Although Plaintiffs concede that claim construction is not required for resolution of Defendants' Motion for Judgment on the Pleadings, they submit that "[t]his Court may in fact find that allowing claim construction to proceed before ruling on the pending motions for judgment on the pleadings regarding § 101 would be useful."  (*Id*. at 10.)  Finally, Plaintiffs posit that Defendants' Motion to Stay "is more about avoiding their obligation to prepare invalidity contentions for each of the [220 asserted claims] . . . ."  (*Id*. at 10–11.)  Plaintiffs maintain that allowing Defendants to withhold their invalidity contentions pending resolution of the Motion for Judgment on the Pleadings "will significantly delay this case and harm [Plaintiffs'] interest in the expeditious resolution of this litigation."  (*Id*. at 11 (internal quotation marks omitted).)

In their Reply, Defendants contrast their pending Motion for Judgment on the Pleadings with a "garden variety motion to dismiss."  (Pls.' Reply 2, ECF No. 2.)  Defendants again

emphasize the strength of their Motion, the absence of any real prejudice or tactical disadvantage to Defendants flowing from the proposed stay, and the benefit of the reduced burdens on the Court and parties should the stay be granted.  Defendants also specifically counter Plaintiffs' assertion that they sought the stay in an effort to avoid their obligation to prepare invalidity contention, pointing out that they timely served their invalidity contentions on January 15, 2016.

**II.**

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).  In deciding whether to grant a stay, courts commonly consider factors such as:  (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III.

Having reviewed the parties' briefs and the pending Motion for Judgment on the Pleadings, the Court is persuaded that a temporary stay of the proceedings pending resolution of Defendants' Motion for Judgment on the Pleadings is warranted.  As Defendants point out and Plaintiffs do not dispute, the pending Motion for Judgment on the Pleadings presents threshold legal questions.  In addition, resolution of the Motion for Judgment on the Pleadings could dispose of the entire case or at least simplify the issues presented in this action.  Adjudication of the pending Motion for Judgment on the Pleadings prior to the parties' engaging in discovery concerning the 220 claims at issue and prior to a claims construction hearing could therefore preserve both judicial and counsel's resources.  Moreover, the Court cannot discern how the short stay contemplated will unduly prejudice or tactically disadvantage Plaintiffs.  As set forth above, Defendants, in timely supplying their invalidity contentions notwithstanding the subject Motion to Stay, have refuted the primary basis upon which Plaintiffs rely to assert that they would suffer undue prejudice should the contemplated stay be granted.

In sum, the Court finds that Defendants have carried their burden to show that a stay is appropriate under the circumstances presented in this case.  The Court therefore exercises its discretion to conclude that a temporary stay pending resolution of Defendants' Motion for Judgment on the Pleadings is warranted.

### IV.

For the reasons set forth above, Defendants' Motion to Stay This Case Pending Resolution of Their Motion for Judgment on the Pleadings is **GRANTED**.  (ECF No. 16).  This action is therefore **STAYED** pending resolution of Defendants' Motion for Judgment on the

Pleadings.  Upon resolution of Defendants' Motion for Judgment on the Pleadings, the Court will establish a new case schedule if appropriate.

    **IT IS SO ORDERED.**


                                                      __s/Algenon L. Marbley__
                                                    **ALGENON L. MARBLEY**
**Dated:  April 5, 2016**                     **UNITED STATES DISTRICT JUDGE**